ZENAS SEARS *vs.* DANIEL LeBETTER.

Suffolk.    March 27. — June 28, 1884.    DEVENS & COLBURN, JJ., absent.

Upon the issue whether a sale of goods for "cash, five per cent off, thirty days," was conditional or absolute, the plaintiff testified that a sale for cash, by universal custom of his trade, was for payment in thirty days and delivery of the goods. The defendant was allowed to ask his witnesses the question, "Is there any custom which is general and universal among your trade in selling a bill of goods, cash, five off, thirty, and goods delivered, as to whether that is regarded as an absolute sale?" The answer was that, by the universal custom of the trade, such a sale, if there was a delivery, was treated and regarded as an absolute sale. *Held*, that the plaintiff had no ground of exception.

REPLEVIN. At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*E. Avery*, for the plaintiff.

*T. Weston, Jr.*, for the defendant.

HOLMES, J. The plaintiff had sold, or agreed to sell, the goods in question, for " cash, five per cent off, thirty days," and had delivered them. The jury found that this was an absolute sale, and if their finding on this point stands, it will not be necessary to consider exceptions upon matters concerning the title of the defendant's bailor. It is enough that the defendant had possession.

At the trial, the plaintiff contended that the sale by him was conditional; and testified that sales for cash, by universal custom of his trade, were for payment in thirty days, and delivery of the goods. Thereupon the defendant was allowed to ask his witnesses the question, " Is there any custom which is general and universal among your trade in selling a bill of goods, cash, five off, thirty, and goods delivered, as to whether that is re-garded as an absolute sale ? " The plaintiff excepted, and this is the only exception bearing on this part of the case. The answer was, that, by the universal custom of the trade, such a sale, if there was a delivery, was treated and regarded as an absolute sale.

We perceive no objection to the substance of this question, unless it be that the terms of the bargain coupled with the delivery so clearly imported what the defendant's witnesses testified to as to make all testimony immaterial. *Haskins* v. *Warren*, 115 Mass. 514, 536. There was nothing to control the presumption that a sale on thirty days' credit, accompanied by delivery, is not conditional upon payment of the price, unless it was discovered in the plaintiff's testimony which has been stated. But the meaning of that testimony, if it was to help the plaintiff at all, was not to be found in the literal sense of his words alone, that a sale for cash was a sale on thirty days' credit, or even in the more important inversion, that a sale upon thirty days' credit was a sale for cash. There must be added to the latter proposition the tacit assumption that all cash sales are conditional upon payment, and that any sale customarily known as a cash sale is customarily understood to be conditional, so that the parties to this transaction must be taken to have contracted upon that footing. The question objected to, as interpreted by

the answer, did not call for the opinion of witnesses merely, but was directed to showing that such sales were customarily treated and regarded as absolute. It went straight to the point at which, if at anything material, the plaintiff's testimony was indirectly aimed, and its object was not to establish, but to destroy, the allegation of a custom. We think that it was properly allowed to be .put.        *Exceptions overruled.*